**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**TENExpand Circuit**

JUL 27 1999

**PATRICK FISHER**
**Clerk**

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

GEORGE ALEX VANCE, a/k/a
George Vance,

     Defendant - Appellant.

No. 98-7155
(D.C. No. 98-CR-13-S)
(Eastern District of Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **EBEL** and **LUCERO**, Circuit Judges.

George Alex Vance appeals the district court's denial of his motion to

suppress evidence obtained by execution of an anticipatory search warrant.

Vance's attorney has determined that Vance's appeal is wholly frivolous.  The

attorney has therefore filed a motion to withdraw as attorney of record and a

corresponding <u>Anders</u> brief outlining Vance's apparent grounds for appeal.  <u>See</u>

---

[*]The case is unanimously ordered submitted without oral argument pursuant to
Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G).  This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel.  The court generally disfavors the citation of orders and judgments;
nevertheless, an order and judgment may be cited under the terms and conditions of 10th
Cir. R. 36.3.

Anders v. California, 386 U.S. 738, 744 (1967). Anders requires that such a brief must refer to "anything in the record that might arguably support the appeal." Id. Consistent with this requirement, counsel informs us that appellant wishes to allege that the evidence obtained under the authority of the anticipatory search warrant was inadmissible because the warrant was issued by a judge of the State of Oklahoma, and such search warrants are impermissible under Oklahoma law.

A copy of counsel's brief was furnished to Vance, and he was given the opportunity to respond or to raise any additional points. He has not done so. Based on our own independent examination of the proceedings, we conclude that Vance's claim is wholly without merit. Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, we grant counsel's motion to withdraw and affirm Vance's conviction.

On January 27, 1998, the California Bureau of Narcotics alerted members of the Oklahoma Bureau of Narcotics and Dangerous Drugs that a package being shipped via the United Parcel Service ("UPS") from California to an address in Broken Bow, Oklahoma, contained approximately four pounds of methamphetamine. Oklahoma law enforcement officials transported the package from the UPS facility in Hugo, Oklahoma, to the Oklahoma District Attorney's Office in Idabel, where they prepared an affidavit to secure a search warrant for the Broken Bow residence to which the package was addressed. Agent Donna

Hill, a District Attorney Task Force Agent for McCurtain County, Oklahoma, learned that UPS had previously delivered packages to appellant at the Broken Bow address.

In the affidavit, Hill stated that upon the delivery of the package to Vance, a search warrant should issue for the immediate search of the residence. The affidavit requested that a warrant be issued in anticipation of the delivery. The affidavit described the residence's location in detail, but misidentified the precise structure that constituted Vance's residence. When Officer Hill, dressed as a UPS employee, delivered the package to Vance, she learned of this mistake and, while other officers secured Vance's residence, immediately returned to the District Attorney's office in Idabel to obtain a new search warrant with the correct description of the structure. Upon Hill's return with a corrected warrant, police conducted a search of Vance's residence and found the drugs for which appellant was charged. [1] After the district court's denial of appellant's motion to suppress, appellant pled guilty to possession with intent to distribute methamphetamine, in

---

[1]This second warrant was also flawed, incorrectly describing Vance's residence as being west, as opposed to east, of the structure that the original anticipatory warrant described. Although appellant did not challenge this series of errors in his motion to suppress, the district court nonetheless found that the warrant Hill ultimately obtained "provides sufficient detail to enable her to ascertain the place to be searched," and that the errors were merely technical and did not affect the warrant's "practical accuracy." United States v. Vance, No. CR-98-13-S, at 10 (E.D.Okla. Mar. 2, 1998).

violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, and was sentenced to 87 months imprisonment and three years of supervised release.

Our review of the district court's factual findings in its denial of appellant's motion to suppress evidence based upon a search warrant is only for clear error. See United States v. Hugoboom, 112 F.3d 1081, 1085 (10th Cir. 1997). "[Q]uestions concerning the reasonableness of a search under the Fourth Amendment, and the existence, or non-existence, of probable cause, are subject to de novo review." Id. (citations omitted).

Appellant's motion to suppress argued only that because anticipatory search warrants are illegal under Oklahoma law, the search and seizure of appellant's residence violated the Fourth Amendment. If the search warrant is constitutional under federal law, the contested evidence is admissible in a federal prosecution, regardless of whether it would be admissible in state court. See On Lee v. United States, 343 U.S. 747, 754-55 (1952). "It is . . . well established in this circuit that 'in federal prosecutions the test of reasonableness in relation to the Fourth Amendment protected rights must be determined by Federal law even though the police actions are those of state police officers.'" United States v. Le, 173 F.3d 1258, 1264-65 (10th Cir. 1999) (quoting United States v. Miller, 452 F.2d 731, 733 (10th Cir. 1971)). Under federal law, a search warrant issued in anticipation of a near-future event is not unconstitutional so long as two general requirements

are met: "(1) that it be supported by probable cause and (2) that the warrant or supporting affidavit clearly set out conditions precedent to the warrant's execution." United States v. Rawlings, 145 F.3d 1194, 1201 (10th Cir. 1998); see also Hugoboom, 112 F.3d at 1085 (affirming district court's denial of motion to suppress evidence obtained pursuant to anticipatory search warrant issued for controlled delivery of box containing drugs to package's addressee).

Here, the district court found that the police had probable cause in seeking the warrant because the package was addressed to Vance's residence and contained drugs. Furthermore, Officer Hill's affidavit clearly indicates that the anticipatory warrant would be executed upon the delivery of the package containing the drugs to appellant. The warrant therefore did not violate the Fourth Amendment, and the district court correctly denied appellant's motion to suppress the evidence obtained from the warrant's execution.

**AFFIRMED.** Counsel's request to withdraw is **GRANTED**. The mandate shall issue forthwith.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge